United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD S. OHENDALSKI, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-03316 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Richard S. Ohendalski proceeds here *pro se*. He filed this lawsuit seeking federal income tax refunds under 8 USC §7422. Dkt 1. Defendant United States of America filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. Dkt 6.

The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 4. She issued a Memorandum and Recommendation recommending that this action be dismissed with prejudice under Rule 12(b)(6) because the asserted claims are barred by *res judicata*. Dkt 17. This is based on two related actions in which Plaintiff's tax liabilities for the years at issue (2002, 2003, and 2004) were adjudicated (a) in a United States Tax Court decision later affirmed by the Fifth Circuit, and (b) in the Government's later action in this Court to collect on outstanding taxes. See *Richard Ohendalski & Kay Ohendalski v Commissioner of Internal Revenue*, No. 19021-12 (TC June 12, 2014), aff'd, 605 F App'x 457 (5th Cir 2015, *per curiam*); Dkt. 6-1 at 3-5 (copy of the Tax Court opinion); *United States v Ohendalski*, 2024 WL 2094656 (SD Tex).

Plaintiff filed objections, arguing that *res judicata* doesn't apply because (i) the prior action in Tax Court involved a settlement and thus wasn't a final judgment on the merits, and (ii) his current refund action is a "distinct cause of action" from prior deficiency proceedings. Dkt 18.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Ohendalski's objections lack merit.

The Fifth Circuit holds that *res judicata* bars actions where in a prior and subsequent action (i) the parties are "identical or in privity," (ii) final judgment issued on the merits in the prior action, (iii) by "a court of competent jurisdiction," and (iv) both actions involved the same claims or causes of action. *In re Southmark Corp*, 163 F3d 925, 934 (5th Cir 1999) (citation omitted). Ohendalski's objections go to the second and fourth elements.

*As to whether the prior action concluded by a final judgment on the merits*, Ohendalski maintains that the Tax Court case didn't because it "involved default judgment and stipulated settlement, not a final adjudication of whether Plaintiff's gross income was lawful taxable income." Dkt 18 at 3. But a judgment reached by agreement is "entitled to full res judicata effect." *Matter of Teal*, 16 F3d 619, 622 (5th Cir 1994). As such, the the judgment by the Tax Court regarding Plaintiff's tax liability is a final judgment on the merits entitled to preclusive effect.

*As to whether the same claim or cause of action was involved in both actions,* Plaintiff argues that this case

2

presents a distinct cause of action—refund claims—rather than the prior deficiency proceedings. Dkt 18 at 2. But under the Fifth Circuit's "transactional test," the inquiry as to this element doesn't turn on whether the legal theories are identical. Instead, the key issue is whether both actions arise from the "same nucleus of operative facts." *Eubanks v FDIC*, 977 F2d 166, 171 (5th Cir 1992). And here, the earlier and current actions arise from the "same nucleus of operative facts," being the extent of Plaintiff's tax liability for 2002, 2003, and 2004.

As such, the present tax refund claims are barred by *res judicata*.

The objections by Plaintiff Richard S. Ohendalski to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 18.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 17.

The motion by Defendant United States of America to dismiss is GRANTED. Dkt 6.

This case is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on February 26, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3